UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Adam Lee Sterling,                                    No. 14-cv-4063 (ADM/LIB)

    Petitioner,

v.                                                **REPORT AND RECOMMENDATION**

Michelle Smith, Department of Corrections,

    Respondent.

## INTRODUCTION

This matter is before the Court on Petitioner Adam Lee Sterling's Petition for a Writ of Habeas Corpus for a Person in State Custody (Doc. No. 1), which Sterling has brought under 28 U.S.C. § 2254. The Court has conducted the preliminary review of the Petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("2254 Rules") and concludes that Sterling has failed to exhaust available state-court remedies for some of the claims he asserts. Accordingly, the Court will recommend that the Petition be dismissed without prejudice, unless, prior to the date for filing objections to this Report and Recommendation, Sterling voluntarily amends his Petition by filing an entirely new petition asserting only his fully exhausted claims.

## BACKGROUND

Sterling is currently serving a life sentence without the possibility of parole for a conviction of first-degree premeditated murder. *State v. Sterling*, 834 N.W.2d 162 (Minn. 2013); (Pet. 2, ¶¶ 1-5). After a jury convicted him of first-degree murder, Sterling appealed his

conviction to the Minnesota Supreme Court.[1]  *Id.*  Sterling raised two claims through his appointed appellate counsel and other claims in a *pro se* supplemental brief.  *Id.* at 167-77 & 177 n.3.  Sterling claimed: (1) that his Fifth Amendment privilege against self-incrimination was violated by the introduction against him at trial of certain statements he made to police, *Id.* at 167-74; (2) that circumstantial evidence presented at trial was insufficient to support his conviction, *Id.* at 174-77; and (3) arguing *pro se*, that a number of other unspecified problems during his trial required reversal, *id.* at 177 n.3.  The Minnesota Supreme Court rejected all of these claims and affirmed.  *Id.* at 177.

In the habeas Petition now before the Court, Sterling raises five claims that his conviction and confinement are unlawful.  (Doc. No. 1, Pet.)  He divides these claims among four separate "Grounds" on which he requests relief.  In Ground One, he claims that he is entitled to relief because his conviction was obtained in violation of his Fifth Amendment privilege against compelled self-incrimination because statements he made during a police interrogation were admitted against him despite the absence of *Miranda* warnings.  (*See* Pet. 4-5.)  In Ground Two, he asserts that his conviction was obtained using evidence that failed to prove his guilt beyond a reasonable doubt, pointing specifically to certain testimony from a forensic expert from the Minnesota Bureau of Criminal Apprehension that when the victim was dying, his breathing could have sounded like the snoring that another witness to the crime testified to hearing.  (*See* Pet. 5); *see also Sterling*, 834 N.W.2d at 166, 167 (explaining witness's testimony regarding snoring and expert's conclusion that the victim's "end-of-life breathing may have sounded like snoring").  In Ground Three, he appears to assert two claims: (1) that his guilt was not proved

---

[1]  Under Minnesota law, appeals in first-degree murder cases are taken directly to the Minnesota Supreme Court rather than the Minnesota Court of Appeals.  Minn. Stat. § 632.14.

beyond a reasonable doubt because the prosecution never produced a murder weapon, but instead introduced an exemplar hammer that a witness testified was identical to a hammer missing from the home where the crime occurred; and (2) that his conviction was unlawful because his competency motion under Minnesota Rule of Criminal Procedure 20 was denied even though he alleges he was temporarily insane at the time the crime occurred.  (*See* Pet. 6.)  In Ground Four, Sterling asserts that his Fourth Amendment right to be free from unreasonable searches and seizures was violated when an investigator searched Sterling's room without a warrant or probable cause. (Pet. 6.)

The Court concludes that some of Sterling's claims are exhausted and others are not.  With respect to the claims that he includes in his present Petition, it is unclear whether he raised all those claims during his state appeal.  *See* note 2, *infra*.  While Petitioner appears to have exhausted at least one of his claims, he admits that he failed to raise at least one of the other claims in his present Petition during his state court proceedings.  Therefore, he has not exhausted *all* of the claims he now attempts to raise by first satisfying the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court.

## DISCUSSION

A federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal law errors raised by state prisoners.  *O'Sullivan*, 526 U.S. at 844; *Duncan v.*

3

*Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Lundy*, 455 U.S. at 518-19; *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present all of his federal law claims to the highest available state court before seeking habeas corpus relief in federal court. *O'Sullivan*, 526 U.S. at 845; *Duncan*, 513 U.S. at 365-66; *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4 of the 2254 Rules. A "mixed petition" – i.e., one that includes both exhausted and unexhausted claims – must be dismissed for non-exhaustion. *Lundy*, 455 U.S. at 510, 522.

Although Sterling appealed to the Minnesota Supreme Court, it appears that he did not exhaust either his claim in Ground Four of the Petition that his Fourth Amendment right to be free from unreasonable search and seizure was violated by a warrantless search of his room; nor does it appear that he raised any claim below that his conviction was unlawful because the trial court denied a motion under Minnesota Rule of Criminal Procedure 20 in which Sterling may have argued that he was incompetent to stand trial or that he was not guilty by reason of insanity. (*See* Pet. 6-7.) The Minnesota Supreme Court did not discuss either of these claims in its opinion in *State v. Sterling*, 834 N.W.2d 162 (Minn. 2013). Because it appears on the record now before this Court that Sterling did not raise these claims to the highest available state court before seeking federal habeas relief, he did not exhaust those claims as required by 28 U.S.C. § 2254(b). He did raise the claim in Ground One regarding his Fifth Amendment privilege against

compelled self-incrimination in his state court appeal.  Thus, his Petition contains both exhausted and unexhausted claims.[2]

There appears to be a remedy available to Sterling under state law through which he could now attempt to exhaust his unexhausted claims.  If a Minnesota prisoner believes that his incarceration following a criminal conviction is unlawful, he can present his claims to a Minnesota state district court in a petition for post-conviction relief under Minn. Stat. § 590.01.  Because Sterling's Petition is a "mixed" petition involving both exhausted and unexhausted claims, and there is a remedy available under state law through which Sterling could now attempt to exhaust those claims, his Petition is subject to dismissal without prejudice.  *See Lundy*, 455 U.S. at 522.  Sterling may return to federal court (if necessary) after the state courts, including the Minnesota Supreme Court, have reviewed and decided *all* of the claims that he seeks to present in federal court.[3]  *See Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993).

---

[2]   It is unclear whether Sterling presented to the Supreme Court the claim in Ground Two of his Petition, which concerns the testimony of a forensic expert, or his claim in Ground Three, which concerns the introduction of an exemplar hammer in the place of the actual murder weapon.  It may be that these were among the claims raised in Sterling's *pro se* supplemental brief.  But the Minnesota Supreme Court deemed those claims waived because Sterling failed to provide any citation to relevant law or to the record to support the matters he discussed in his *pro se* brief.  *Sterling*, 834 N.W.2d at 177 n.3 (explaining that the Minnesota Supreme Court does not consider *pro se* claims that are unsupported by arguments or citations to legal authority).  If Sterling discussed these claims in his *pro se* brief, but waived them by failing to raise them in the manner required by Minnesota law, they may be considered procedurally defaulted claims that could not be considered in a federal habeas action.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (explaining that federal habeas relief may not be granted on a federal claim that the state appellate court declined to address because the petitioner failed to meet a state procedural requirement constituting an "independent and adequate state ground" for rejecting the claim).  And further, whether Sterling exhausted these claims or not, they may also be subject to summary dismissal because they do not appear to involve any federal constitutional issue.

[3]   If Sterling does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d).  Sterling's conviction was not final

(Footnote Continued on Following Page)

A state prisoner who files a mixed petition comprised of exhausted and unexhausted claims can elect to abandon his unexhausted claims and proceed with an amended petition that includes only his fully exhausted claims. *Jackson v. Domire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir. 1996). If Sterling intends to exercise that option here, he must file an entirely new amended petition that includes only fully exhausted claims, and he must do so before the deadline for filing objections to this Report and Recommendation. If Sterling does not file an amended petition before that deadline, he should be deemed to have waived the option to amend, and this action should be summarily dismissed without prejudice.[4]

## CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

---

(Footnote Continued from Previous Page)
for statute of limitations purposes until the deadline for seeking certiorari in the United States Supreme Court expired, *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998). The statute of limitations will be tolled under 28 U.S.C. § 2244(d)(2) while any state post-conviction proceedings are pending in the state courts. Given the date when Sterling's direct appeal concluded in the Minnesota Supreme Court (July 24, 2013), there may not be much time left on Sterling's one-year limitations period if he does not diligently pursue state post-conviction relief on his unexhausted claims, assuming he chooses to follow that course.

[4] Sterling should note that if he does file an amended petition that includes only exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition. *See* 28 U.S.C. § 2244(b)(2).

In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Sterling's current mixed habeas corpus petition involving both exhausted and unexhausted claims differently than it is being treated here.  Sterling has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that appellate review.  The Court therefore recommends that Sterling should *not* be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims; and

2. Petitioner should **NOT** be granted a Certificate of Appealability.


Date: October 8, 2014                                                s/Leo I. Brisbois
                                                                     Leo I. Brisbois
                                                                     U.S. MAGISTRATE JUDGE


## N O T I C E

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 22, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.